FRANK T. ZUMWALT (SBN. 132746)
GRAHAM S. LOPEZ (SBN 236077)
**THE ZUMWALT LAW FIRM, APC.**
1600 G Street, Suite 104
Modesto, California 95354
Telephone No: (209) 577-6100
Facsimile No: (209) 577-1038

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| David Shayne Heine, California Veal Tech, Inc. a California Corporation | Case No.: 12-793 |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Tom Vilsack in His Official Capacity as United States Secretary of Agriculture, United States Department Of Agriculture, United States Department Of Agriculture Food Safety and Inspection Service, Yudhbir Sharma, DVM, USDA Employee Known Only as "Dr. Pannu," USDA Employee Known only as "Ken," USDA Employee Known only as "Dr. Redding," USDA Employee Known Only as "Dr. Henley," Dr. Amy Lieder, Penny Patrali and DOES 1 – 100 inclusive, | **REQUEST FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs, David Shayne Heine ("Heine") and California Veal Tech, Inc. ("CVT") by and through counsel, and for their complaint against defendants, hereby request a jury trial on the above-referenced action and states as follows:

### I.

### INTRODUCTION

1.    In this action for declaratory relief, injunctive relief and damages, plaintiff Heine challenges the United States Department of Agriculture and agencies under its jurisdiction for its acts,

1  determinations, orders and actions regarding the plaintiff and plaintiff's meat processing business located

2  at 2411 Jeffrey Court Denair, California County of Stanislaus, State of California.

3      2.    In this action for declaratory relief, injunctive relief and damages, plaintiff CVT challenges

4  the United States Department of Agriculture and agencies under its jurisdiction for its acts,

5  determinations, orders and actions regarding the CVT and its meat processing business which for all

6  pertinent times for this complaint was located at 145 South Kilroy Turlock, California County of

7  Stanislaus, State of California.

## II.

## PARTIES

10      3.    Plaintiff David Shayne Heine is an individual residing in Stanislaus County, California and

11  owner of a sole-proprietorship business entity alternately called "Shayne's Custom Calves" and "Cal

12  Veal".

13      4.    Plaintiff California Veal Tech, Inc. was a California corporation.

14      5.    Defendant Tom Vilsack is the Secretary of Agriculture and as such directs all aspects of

15  the operation of Defendant United States Department of Agriculture.  He is sued in his official capacity.

16      6.    Defendant United States Department of Agriculture ("USDA") is the federal agency in

17  charge of inspection of meat processing facilities located Stanislaus County, State of California.

18      7.    Defendant United States Department of Agriculture Food Safety and Inspection Service is

19  a federal agency which administers jointly with the defendant USDA those food inspection programs

20  which regulate the delivery and processing of veal calves to meat processing facilities and the facilities

21  themselves, including the testing of calves and/or their carcasses in Stanislaus County, State of California.

22      8.    Defendant Yudhbir Sharma, DVM is a District Manager with the United States United

23  States Department of Agriculture Food Safety and Inspection Service and as such supervises inspectors at

24  meat processing facilities in Stanislaus County, State of California and directs the compliance with regard

25  to the intake and processing of veal calves at said facilities in Stanislaus County, State of California.

26      9.    The defendant known only as "Dr. Pannu" is a Food and Inspection Service inspector and

27  as such directs compliance with FSIS directives, and Code of Federal Regulation Title 9 rules regarding

28  the testing of veal calves before and after slaughter in Stanislaus County, State of California.

10.     The defendant known only as "Ken" is a Food and Inspection Service inspector located in Madera County during June 2011 and as such directs compliance with FSIS directives, and Code of Federal Regulation Title 9 rules regarding the testing of veal calves before and after slaughter in Stanislaus County, State of California.

11.     The defendant known only as "Dr. Redding" is a Food and Inspection Service inspector located in Stanislaus County during 2008-2010 and as such directs compliance with FSIS directives, and Code of Federal Regulation Title 9 rules regarding the testing of veal calves before and after slaughter in Stanislaus County, State of California.

12.     The defendant known only as "Dr. Henley" is an "Enforcement Investigations and Analysis Officer" for Food and Inspection Service in Stanislaus County during 2008-2010 and as such directs compliance with FSIS directives, and Code of Federal Regulation Title 9 rules regarding the testing of veal calves before and after slaughter in Stanislaus County, State of California.

13.     Defendant Dr. Amy Lieder is a Food and Inspection Service inspector located in Stanislaus County during 2008-2010 and as such directs compliance with FSIS directives, and Code of Federal Regulation Title 9 rules regarding the testing of veal calves before and after slaughter in Stanislaus County, State of California.

14.     Defendant Penny Patrali is a Food and Inspection Service inspector and as such directs compliance with FSIS directives, and Code of Federal Regulation Title 9 rules regarding the testing of veal calves before and after slaughter in Stanislaus County, State of California.

15.     Plaintiff is unaware of the true names and capacities of the DOE Defendants sued herein as DOES 1 – 100 inclusive and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts, determinations, orders and actions herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned DOE Defendants. Plaintiff will seek leave of this court to amend this complaint to reflect the true names and capacities of said DOE Defendants when the same becomes known to the Plaintiff.

### III.

### JURISDICTION AND VENUE

16.     This is a civil action arising in part under the laws of the United States relating to USDA regulations and reviewable under the Administrative Procedures Act.  This court has federal jurisdiction of such federal question claims pursuant to 28 U.S.C. Sections 1331 and 1346.   This Court has jurisdiction over plaintiff's claims pursuant to section 706 of title 5 of the United States Code (Administrative Procedures Act), which authorizes federal courts to review agency actions.  This court also has jurisdiction over this action pursuant to sections 1346(a)(2) (pertaining to civil actions against the United States), 2201 (pertaining to declaratory relief), and 2202 (pertaining to injunctive relief) of title 28 of the United State Code.  This Court also has jurisdiction over the claims for declaratory judgment against the USDA and Tom Vilsack, Secretary of the USDA, pursuant to the Administrative Procedures Act, 5 U.S.C Section 701 *et.seq.*

17.     The acts and transactions complained of herein were made effective, and had the affect within the State and Eastern District of California.  Therefore venue is proper in the Eastern District of California, Fresno Division pursuant to 28 U.S.C. Sections 1391(b), 1391(c), and 1400(b) in that plaintiffs either reside in this District, Stanislaus County, State of California or had its business headquarters located therein, and the actual harm suffered by the plaintiffs occurred in this District by reason of defendants' conduct in the same as alleged below.

18.     Jurisdiction and venue are proper in this court as the plaintiffs and each of them have exhausted their administrative remedies.

## IV.

## FACTUAL ALLEGATIONS

19.     Heine is the owner of a sole proprietorship business alternately called "Shayne's Custom Calves" and "Cal Veal" which purchases unwanted calves from dairies in Stanislaus County, and transports said calves to meat processing facilities in the same county. The calves are to be processed to provide food for human consumption. Heine holds a license for said activity issued by the Defendant USDA.

20.     CVT was a California corporation which owned and operated a USDA licensed meat processing facility in Stanislaus County. CVT would slaughter, process, and package cattle and beef calves for its customers.

21. At all times relevant to the complaint, the USDA by and through its agent entity USDA Food Safety and Inspection Service (hereinafter USDA and its agent entity USDA Food Safety and Inspection Service will be referred to as "USDA FSIS") has required that calf carcasses being processed for human consumption must be tested for sulfa, antibiotic, and other medicinal residues.

22. At all times relevant to the complaint, USDA FSIS has required that meat processing facilities submit samples of meat being processed to defendants for purposes of identifying the presence of Escherichia coli bacteria, commonly referred to as "E. coli."

23. The USDA FSIS mandated that inspectors will test carcasses for drug residue at a statutory rate under 9 CFR 310.21. The starting rate is 5% of calves to be processed in one day. If three carcasses out of 100 consecutively tested positive for a drug residue, the inspector is directed to increase the testing frequency to 20%. If another 100 tests show three positives the rate goes up to 50%. If another three carcasses out of another 100 consecutive tested are positive, the testing frequency goes to 100%.

24. Conversely, if the two or less calves show a positive test result in either 500 calves consecutively tested or all calves tested over a 60 working day period, the inspector reduces the test rate to 2%, and then 1%.

25. Under 9 CFR 309.13 veal calves that are unable to rise from a recumbent position and walk because they are cold or tired may be set apart and held for observation to confirm there is no physical reason the calf should not be processed for human consumption.

26. The defendants Dr. Pannu, "Ken" and Penny Patrali are stationed at meat processing facilities as inspectors. Their job is to set testing rates for veal calves coming into the plants, test the carcasses, and identify calves that can be put under observation that may be cold, or tired and therefore unable to stand and walk according to FSIS directives and Code of Federal Regulation Title 9.

27. Since approximately 2008 and continuing until present day the defendants and each of them have agreed among themselves, together with their supervisor Yudhbir Sharma, DVM, to tell meat processors in Stanislaus and Madera counties that any calves brought to them by the plaintiff will require a 50% or 100% test rate; the statutory rate will not be followed. The defendants have actually enforced said testing rate at multiple Stanislaus and Madera county meat processors. This illegal agreement among the defendants have actually caused processors to refuse to take plaintiff's calves as the testing rate causes

1    excessive overtime costs for the processors which make processing of plaintiff's calves unprofitable. The

2    defendants do not charge processors for testing done during normal working hours but a 50% or greater

3    testing rate prevents the work from being done during that time and therefore the defendant USDA FSIS

4    charges the meat processor an overtime rate and all defendants have condoned and supported each other's

5    behavior as alleged.

6         28.    Since approximately 2008 and continuing until December 6, 2010 the defendants and each

7    of them have agreed among themselves, together with their supervisor Yudhbir Sharma, DVM, to

8    shutdown plaintiff CVT. To implement their agreement, the defendants have ignored their regulations and

9    audited CVT without justification; fabricated allegations that Heine "intimidated" Dr. Lieder in order to

10   temporarily shutdown CVT; assigning Dr. Redding to CVT's facility after being removed for sexually

11   harassing a CVT employee and to prevent CVT from reporting his conduct, Dr. Redding ordered a shut

12   down of CVT's facility. All defendants have condoned and supported each other's behavior as alleged.

13        29.    When plaintiff learned of the defendants' agreement he sought administrative relief from

14   the defendants seeking explanation of the illegal inspection rate and yet none of the defendants have

15   responded to plaintiff's inquiry. Defendant Sharma and defendant Pannu have refused to disclose to

16   plaintiff the reason for the testing rate or why they are not following the statutory testing rate. CVT's

17   administrative request for relief was unsuccessful in meeting its requested relief.

18        30.    During all times relative to the complaint, the defendants have summarily condemned

19   calves belonging to plaintiff Heine by refusing to allow otherwise healthy calves that were cold and/or

20   tired from being set aside and observed. Instead defendants have condemned the calves and prohibited

21   their use as human food and denied plaintiff Heine the profit from the carcasses.

22        31.    During all pertinent times to this complaint, the USDA FSIS required CVT to have certain

23   of its meat products tested by USDA FSIS facility in St. Louis, Missouri. CVT was repeatedly told there

24   was no local lab available for E. coli testing. CVT was obligated to have its E. coli tests performed by

25   USDA FSIS, but if the two samples taken from CVT on December 3, 2010 tested "negative" then CVT

26   could use a private lab in Stanislaus County for its E. coli testing. A private, local lab would mean CVT

27   could get results much sooner than using the USDA FSIS facility thereby enabling CVT to get its product

28   to market faster. The faster the beef is sold, the fresher it is, and the better the price CVT can get.

32.     CVT was usually notified whether the sample was "positive" or "negative" a week after a sample was taken. However, for the December 3 samples, USDA FSIS not only tested over the weekend, but at a California facility that CVT had previously been told was not able to provide E. coli testing services. CVT was notified on December 6, 2010 that not only did the samples fail and test positive for E. coli, but that USDA FSIS was permanently pulling all of its inspectors from CVT. Pulling its inspectors prevented CVT from legally processing and selling meat. Therefore, as of December 6, 2010, CVT's meat processing facility was shutdown and ended all business activities.

33.     Heine was prevented by an earlier consent order with USDA FSIS from owning or operating any meat processing facility. The defendants believed that Heine was an owner/operator of CVT during all times pertinent to this complaint. Plaintiffs and each of them were told by defendants and other meat processors that the defendants held said belief and therefore, they would act in concert to shutdown CVT's facility and punish Heine for being allegedly associated with CVT.

34.     On information and belief the plaintiffs allege the defendants ignored their meat processing regulations in order to manufacture reasons to punish the plaintiffs, including fabricating the result of the December 6, 2010 E. coli test; denying them use of the California E. coli testing facility; charging the plaintiffs with multiple "Non-compliance Record" violations without justification;

**V.**

**FIRST CAUSE OF ACTION**

**(Plaintiff Heine Declaratory Relief and Injunctive Relief Against All Defendants)**

Plaintiff Heine incorporates, as though fully set forth, paragraphs 1 through 34 above.

35.     The defendants are required to test calves according to a statutory rate under 9 CFR 310.21 and required to apply said regulation to all meat processors who purchase calves for human consumption.

36.     The defendants are also expected to exercise discretion and allow healthy calves to be observed to confirm they possess no critical illness or deficiency that could preclude them from being processed for human consumption.

37.     Instead, defendants unlawfully threatened and did in fact impose an inspection rate in excess of the statuary rate on the meat processors Heine tried to use. Further the defendants refused to

1    exercise their discretion and summarily condemned the Heine's healthy calves without an opportunity for

2    observation.

3        38.    In doing so, defendants acted arbitrarily and capriciously and not in accordance with

4    the law and abused their discretion.

5        39.    In doing so, defendants acted in excess of their statutory jurisdiction and authority.

6        40.    As a result of the actions of defendants, plaintiff has suffered loss, damages, and injury in

7    an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and

8    until defendants' unlawful actions are set aside and remedied.

9        41.    An actual and substantial controversy exists between plaintiff and defendants.  This case is

10   presently justiciable because defendants' failure to comply with the law and defendants' abuse of

11   discretion is the direct result of final agency action that has caused and will continue to cause immediate

12   and concrete injury to the plaintiff.  Plaintiff has a vital interest in knowing whether defendants' actions,

13   to which Plaintiff is subject, are statutorily valid.  Declaratory relief is, therefore, appropriate to resolve

14   this controversy.

15       42.    Plaintiff alleges that he is entitled to declaratory relief declaring that the USDA FSIS and

16   its agents abused its discretions and that the acts, determinations, orders and actions of the USDA FSIS

17   were contrary to law, as the acts, determinations, orders and actions were arbitrary, capricious, not in

18   accordance with law and discriminatory.  Plaintiff is therefore entitled to declaratory relief reversing the

19   acts, determinations, orders and actions of the USDA FSIS requiring the plaintiff's customers to test 50%-

20   100% of plaintiff's calves.

21       43.    Plaintiff Heine is therefore entitled to declaratory relief reversing acts, determinations,

22   orders and actions of the USDA FSIS and entering an order in favor of the plaintiff, as the prevailing

23   party, as follows:

24               (A)    That the USDA FSIS acknowledge in writing that the statutory testing frequency in

25   9 CFR 310.21 is the frequency to be applied to the plaintiff's meat processors;

26               (B)    That the USDA FSIS acknowledge in writing the testing frequency in 9 CFR

27   310.21 will be applied to any meat processor plaintiff sells his calves to;

28

(D)     That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS to discriminate against the plaintiff; and

(E)     That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS to summarily condemn the plaintiff's calves without allowing the opportunity for the healthy calves to warm up or rest.

44.     If an injunction does not issue enjoining defendants from implementing their actions with respect to plaintiff and basing further and future actions on their current actions, plaintiff will be irreparably harmed.  Plaintiff has no plain, speedy and adequate remedy at law.  If not enjoined by this court, defendants will continue to implement their actions with respect to plaintiff in derogation of plaintiff's rights.  Injunctive relief is therefore appropriate.

## VI.

## SECOND CAUSE OF ACTION

**(All Plaintiffs Declaratory Relief; Judicial Review of Administrative/Agency Action Against All Defendants)**

Plaintiff Heine and CVT incorporate, as though fully set forth, paragraphs 1 through 44 above.

45.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are arbitrary, capricious, unwarranted by the facts, unsupported by the evidence, not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and authority.

46.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination against the plaintiffs and each of them.

47.     No reasonable person in defendants' circumstances would have believed that there were reasonable grounds for the administrative decisions and actions taken and which continue to be taken by defendants against the plaintiff Heine and plaintiff CVT.

48.     The actions of defendants have and will continue to cause plaintiffs to suffer permanent and ongoing loss, damages, and injury in an unascertained but substantial amount. The imposition of defendants' actions is an unconstitutional deprivation of plaintiffs' property without compensation in

violation of the Fifth Amendment of the United States Constitution and the Fourteenth Amendment of the United States Constitution.

49.     Defendants, and each of them, have acted unreasonable and for no other purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiffs.

50.     The conduct and actions of defendants was a substantial factor in causing plaintiffs' loss, damages and injuries and is a substantial factor in causing plaintiffs' continued loss, damages and injury.

51.     Plaintiffs allege that they are entitled to a review of the actions of the USDA FSIS and its agents and that plaintiffs are entitled to declaratory relief declaring that the USDA FSIS and its agents abused its discretion and that the acts, determinations, orders and actions of the USDA FSIS were contrary to law, as the acts, determinations, orders and actions were arbitrary, capricious, not in accordance with law and discriminatory.  Plaintiffs are therefore entitled to declaratory relief reversing the acts, determinations, orders and actions of the USDA FSIS requiring the plaintiff's meat processing customer's to test 50-100% of the plaintiff's calves and shutting down CVT's facility.

52.     Plaintiffs are therefore entitled to a review of the actions of the USDA FSIS and its agents and plaintiffs are entitled to declaratory relief reversing the acts, determinations, orders and actions of the USDA Forest Service and entering an order in favor of the plaintiffs, as the prevailing party, as follows:

(A)     That the USDA FSIS acknowledge in writing that the statutory testing frequency in 9 CFR 310.21 is the frequency to be applied to the plaintiff's meat processors;

(B)     That the USDA FSIS acknowledge in writing the testing frequency in 9 CFR 310.21 will be applied to any meat processor plaintiff sells his calves to;

(D)     That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS to discriminate against the plaintiffs;

(E)     That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS to summarily condemn the plaintiff's calves without allowing the opportunity for the healthy calves to warm up or rest;

(F)     That USDA FSIS acknowledge in writing that it was error for the USDA FSIS to pull its inspectors from CVT's facility; and

(G)     That USDA FSIS acknowledge in writing it was error for the "N.R"s issued against the plaintiffs during all pertinent times.

## VII.

## THIRD CAUSE OF ACTION

**(Plaintiff Heine and CVT Wrongful Use of Administrative Authority Against All Defendants)**

Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 52 above.

53.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence, not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and authority.

54.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination of the plaintiffs.

55.     No reasonable person in defendants' circumstances would have believed that there were reasonable grounds for the administrative decisions and actions taken by defendants and which continue to be taken by defendants against plaintiffs.

56.     Defendants, and each of them, have acted unreasonable and for no other purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiffs.

57.     As a result of the actions of defendants, plaintiffs have suffered loss, damages, and injury in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and until defendants' unlawful actions are set aside and remedied.

58.     The conduct and actions of defendants was a substantial factor in causing plaintiffs' suffered loss, damages and injuries and is a substantial factor in causing plaintiffs' continued loss, damages and injury.

## VIII.

## FOURTH CAUSE OF ACTION

**(Plaintiff Heine and CVT Abuse of Process Against All Defendants)**

Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 58 above.

59.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence, not in accordance with the law, in abuse of and in excess of defendants statutory jurisdiction and authority.

60.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination against the plaintiffs including but not limited to denying the plaintiffs proper review of their claims and arbitrarily applying regulations to the plaintiffs' activities.

61.     No reasonable person in defendants' circumstances would have believed that there were reasonable grounds for the administrative decisions and actions taken and which continue to be taken by defendants against plaintiffs.

62.     Defendants, and each of them, have acted unreasonable and for no other purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiff.

63.     As a result of the actions of defendants, plaintiff has suffered loss, damages, and injury in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and until defendants' unlawful actions are set aside and remedied.

64.     The conduct and actions of defendants was a substantial factor in causing plaintiff's suffered loss, damages and injuries and is a substantial factor in causing plaintiff's continued loss, damages and injury.

### IX.

### FIFTH CAUSE OF ACTION

### (Conversion Against All Defendants)

Plaintiff Heine incorporates, as though fully set forth, paragraphs 1 through 64 above.

65.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence, not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and authority.

66.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination against the plaintiff.  Defendants have been and are actively involved in making administrative decisions, taking administrative actions and administering orders against the plaintiff which have and are directly affecting the plaintiff's ownership and possession rights regarding plaintiff's property.

67.     Plaintiff lawfully and legally owns, possesses and has a right to possess calves which he purchases for resale and which have been summarily condemned or prevented from being sold.

68.     Defendants intentionally prevented and continue to unlawfully prevent plaintiff, without plaintiff's consent or permission, from having use and possession of the calves by preventing their sale and condemning and taking the calves without cause.

69.     Defendants, and each of them, have acted unreasonable and for no other purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiff.

70.     As a result of the actions of defendants, plaintiff has suffered loss, damages, and injury in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and until defendants' unlawful actions are set aside and remedied.

71.     The conduct and actions of defendants was and are a substantial factor in causing plaintiff's suffered loss, damages and injuries and is a substantial factor in causing plaintiff's continued loss, damages and injury.

## X.

### SIXTH CAUSE OF ACTION

### (Plaintiffs Heine and CVT Violation of Federal Civil Rights Against All Defendants)

Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 71 above.

72.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence, not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and authority.

73.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination against the plaintiffs.  Defendants have

1   been and are actively involved in making administrative decisions, taking administrative actions and

2   administering orders to the plaintiffs directly affecting plaintiff Heine's ownership and possession rights

3   in calves that he purchases for resale and plaintiff CVT's ownership and possession rights in its meat

4   processing facility.

5         74.    Defendants, and each of them, were acting in the performance of their official duties with

6   the USDA and the USDA Food Safety and Inspection Service.

7         75.    Plaintiffs lawfully and legally owns, possesses and has a right as to plaintiff Heine to

8   possess the calves he purchases for resale to meat processors and as to plaintiff CVT its meat processing

9   facility.

10        76.    Defendants intentionally and unlawfully prevented and continue to intentionally and

11   unlawfully prevent plaintiffs, without their consent or permission, from having possession and ownership

12   of Heine's calves and/or denying plaintiff the value thereof and CVT's meat processing facility and/or

13   denying the plaintiff the value thereof.

14        77.    Defendants have intentionally and unlawfully ordered condemnation of Heine's healthy

15   calves without cause and ordered meat processors that buy his calves to submit to unlawful testing

16   frequencies and further they pulled their inspectors from plaintiff CVT's facility in order to shut it down.

17        78.    The actions of defendants have and will continue to cause plaintiffs to suffer permanent

18   and ongoing loss, damages, and injury in an unascertained but substantial amount. The imposition of

19   defendants' actions is an unconstitutional deprivation of plaintiffs' property in violation of their

20   Constitutionally Protected Rights as stated in the Fifth Amendment of the United States Constitution and

21   the Fourteenth Amendment of the United States Constitution.

22        79.    Defendants, and each of them, have acted unreasonable and for no other purpose other than

23   to harass, vex, injure, cause injury to and discriminate against plaintiffs.

24        80.    As a result of the actions of defendants, plaintiffs have suffered loss, damages, and injury

25   in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless

26   and until defendants' unlawful actions are set aside and remedied. As a direct and legal result of

27   defendants' acts, plaintiff Heine has suffered bodily injury, fear, anxiety, torment, degradation and

28   emotional distress.

81.     Defendants acts were willful, malicious, intentional, oppressive, reckless and were done in willful and callous disregard of the rights and welfare of the plaintiffs.  Accordingly, an award of punitive damages is justified.

82.     Plaintiffs are also entitled to attorney's fees and costs pursuant to 42 U.S.C. Section 1988 for the injuries caused by the defendants.

83.     The conduct and actions of defendants were a substantial factor in causing plaintiffs' suffered loss, damages and injuries and are a substantial factor in causing plaintiffs' continued loss, damages and injury.

## XI.

## SEVENTH CAUSE OF ACTION

**(Plaintiff Heine and Plaintiff CVT Municipal Liability 42 U.S.C. Section 1983 Against All Defendants)**

Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 83 above.

84.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence, not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and authority.

85.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination against plaintiffs.  Defendants have been and are actively involved in making administrative decisions, taking administrative actions and administering orders to the plaintiffs directly affecting Heine's ownership and possession rights in his calves and CVT's ownership and possession rights in its meat processing facility.

86.     Defendants, and each of them, were acting in the performance of their official duties within the municipal entities known as the United States Department of Agriculture and the United States Department of Agriculture Food Safety and Inspection Service.

87.     Plaintiffs lawfully and legally own, possesses and have a right to possess, respectively, the (1) calves Heine purchases for resale and (2) the meat processing facility CVT owned.

88.     Defendants intentionally prevented and continue to unlawfully prevent plaintiff Heine, without his consent or permission, from having access to his calves by condemning the calves and also denying the plaintiff the right to resell the calves by ordering meat processors to submit to an unprofitable and illegal testing rate. Defendants intentionally prevented and continue to unlawfully prevent plaintiff CVT, without its consent or permission, from carrying on its meat processing business.

89.     The actions of defendants have and will continue to cause plaintiffs to suffer permanent and ongoing loss, damages, and injury in an unascertained but substantial amount. The imposition of defendants' actions is an unconstitutional deprivation of plaintiffs' property in violation of their Constitutionally Protected Rights as stated in the Fifth Amendment of the United States Constitution and the Fourteenth Amendment of the United States Constitution as a result of the official orders, decisions, policies and/or customs of the Defendants.

90.     Defendants, and each of them, have acted unreasonable and for no other purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiffs.

91.     As a direct and legal result of defendants' acts, plaintiff Heine has suffered bodily injury, fear, anxiety, torment, degradation and emotional distress.

92.     Defendants acts were willful, malicious, intentional, oppressive, reckless and were done in willful and callous disregard of the rights and welfare of the plaintiffs. Accordingly, an award of punitive damages is justified.

93.     The conduct and actions of defendants were a substantial factor in causing plaintiffs' suffered loss, damages and injuries and is a substantial factor in causing plaintiffs' continued loss, damages and injury.

**XII.**

**EIGHTH CAUSE OF ACTION**

**(Plaintiff Heine and CVT Discrimination Against All Defendants)**

Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 93 above.

94.     Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence,

1  not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and

2  authority.

3        95.    Defendants have been and are actively involved in making administrative decisions and

4  taking administrative actions directly against and in discrimination against the plaintiffs.  Defendants have

5  been and are actively involved in making administrative decisions, taking administrative actions and

6  administering orders to the plaintiffs directly affecting Heine's ownership and possession rights regarding

7  the calves the plaintiff has bought for resale to meat processors and CVT's ownership and possession

8  rights regarding its meat processing facility.

9        96.    Defendants, and each of them, were acting in the performance of their official duties with

10  the USDA and the USDA Food Safety and Inspection Service.

11        97.    Defendants, and each of them, have been and are actively involved in making

12  administrative decisions and taking administrative actions directly against plaintiffs and have engaged in

13  unlawful discrimination against the plaintiffs.

14        98.    Plaintiffs lawfully and legally own, possesses and has a right to possess in the case of

15  Heine, the calves he purchases for resale to meat processors, and in the case of CVT the meat processing

16  facility which was shut down by the defendants.

17        99.    Heine was a victim of discrimination in that other similarly situated calf resellers are not

18  subject to summary condemnation of healthy calves, nor are their meat processor customers subject to

19  arbitrary testing frequencies.  CVT was subject to discrimination in that other similarly situated meat

20  processors were not subject to audits, "N.R"s, and E. coli testing that were done to CVT.

21        100.   Defendants have and continue to discriminate against the plaintiff Heine by intentionally

22  and unlawfully ordering the plaintiff to condemn healthy calves and by requiring the meat processors who

23  take the plaintiff's calves to test at unlawful frequency rates the plaintiff is denied the opportunity to sell

24  calves the processors would otherwise process for the plaintiff. Defendants have discriminated against the

25  plaintiff CVT by intentionally and unlawfully subjecting it to audits, "N.R"s, and E. coli testing and the

26  removal of defendants' inspectors.

27        101.   Defendants, and each of them, have acted intentional, unreasonable and for no other

28  purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiffs.

102.    The actions of defendants have and will continue to cause plaintiffs to suffer permanent and ongoing loss, damages, and injury in an unascertained but substantial amount.  The imposition of defendants' acts is an unconstitutional deprivation of plaintiffs' property in violation of plaintiffs' Constitutionally Protected Rights as stated in the Fifth Amendment of the United States Constitution and the Fourteenth Amendment of the United States Constitution.

103.    As a result of the actions of defendants, plaintiffs have suffered loss, damages, and injury in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and until defendants' unlawful actions are set aside and remedied.

104.    The conduct and actions of defendants was a substantial factor in causing plaintiffs' suffered loss, damages and injuries and is a substantial factor in causing plaintiffs' continued loss, damages and injury.

## XIII.

## NINTH CAUSE OF ACTION

### (Plaintiff Heine and CVT Negligence Under Color of Law and In Violation of Civil Rights Against All Defendants)

Plaintiffs incorporates, as though fully set forth, paragraphs 1 through 104 above.

105.    Defendants have been and are actively involved in making administrative decisions and taking administrative actions that are unwarranted by the facts, unsupported by the substantial evidence, not in accordance with the law, in abuse of and in excess of defendants' statutory jurisdiction and authority.

106.    Defendants have been and are actively involved in making administrative decisions and taking administrative actions directly against and in discrimination against the plaintiffs.  Defendants have been and are actively involved in making administrative decisions, taking administrative actions and administering orders to the plaintiffs directly affecting plaintiffs' ownership and possession rights as to Heine in the calves he purchases for resale to meat processors and as to CVT the meat processing facility it owned and operated.

107.    Defendants, and each of them, were acting in the performance of their official duties with the USDA and USDA Food Safety and Inspection Service.

108.    Plaintiffs lawfully and legally owns, possesses and has a right to possess in the case of Heine, the calves he buys for resale and which have been summarily condemned or subject to unlawful testing rates and in the case of CVT the meat processing facility which was forced by the defendants to close.

109.    Defendants negligently under color of law in violation of plaintiffs' civil rights prevented and continue to unlawfully deny plaintiffs, without plaintiffs' consent or permission, in the case of Heine his calves and the sale of said calves to meat processors and in the case of CVT its meat processing facility.

110.    Defendants negligently under color of law in violation of plaintiffs' civil rights have ordered that Heine must subject his calves to unlawful testing rates and condemn healthy calves and shut down CVT's meat processing facility.

111.    The actions of defendants have and will continue to cause plaintiffs to suffer permanent and ongoing loss, damages, and injury in an unascertained but substantial amount.  The imposition of defendants actions is an unconstitutional deprivation of plaintiffs' property in violation of plaintiffs' Constitutionally Protected Rights as stated in the Fifth Amendment of the United States Constitution and the Fourteenth Amendment of the United States Constitution as a result of the official orders, decisions, policies and/or customs of the defendants.

112.    Defendants, and each of them, have acted unreasonable and for no other purpose other than to harass, vex, injure, cause injury to and discriminate against plaintiffs.

113.    As a result of the actions of defendants, plaintiffs have suffered loss, damages, and injury in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and until defendants' unlawful actions are set aside and remedied.  As a direct and legal result of defendants' acts, plaintiff Heine has suffered bodily injury, fear, anxiety, torment, degradation and emotional distress.

114.    The conduct and actions of defendants was a substantial factor in causing plaintiffs' suffered loss, damages and injuries and is a substantial factor in causing plaintiffs' continued loss, damages and injury.

**XIV.**

**TENTH CAUSE OF ACTION**

**(Plaintiff Heine Intentional Infliction of Emotional Distress Against All Defendants)**

Plaintiff incorporates, as though fully set forth, paragraphs 1 through 114 above.

115.    Defendants' conduct was intentional and malicious and done for the purpose of causing plaintiff to suffer mental anguish and physical and emotional distress.

116.    As a proximate result of the acts alleged above, plaintiff suffered mental anguish and emotional and physical distress and has been injured in the mind and body.  Plaintiff continues to suffer from these injuries.

117.    As a further proximate result of the acts alleged above, plaintiff was required to and did employ mental health care providers to examine, counsel, treat and care for plaintiff and has and continues to incur expenses for this treatment.

118.    The acts of defendant were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

**XV.**

**ELEVENTH CAUSE OF ACTION**

**(Plaintiff Heine Negligent Infliction of Emotional Distress Against All Defendants)**

Plaintiff incorporates, as though fully set forth, paragraphs 1 through 118 above.

119.    Defendants knew or should have known that their conduct would cause plaintiff severe emotional distress.

120.    Because of the negligence of defendants and as a proximate result thereof, plaintiff sustained severe emotional distress and mental suffering, all of which has caused, continues to cause and will cause plaintiff great physical and mental pain and suffering all to his damage.   Plaintiff was reasonably required to and did incur medical incidental expenses for the treatment and care of these injuries.

121.    As a proximate result of the acts alleged above, plaintiff suffered mental anguish, and emotional and physical distress, and has been injured in mind and body.  Plaintiff still suffers from these injuries.

**PRAYER FOR RELIEF**

1    WHEREFORE, plaintiffs request:

2        1.    A declaratory judgment that defendants acted arbitrarily and capriciously and not in

3    accordance with the law and abused their discretion, acted in excess of their statutory jurisdiction and

4    authority, made findings and took actions that were unwarranted by the facts and unsupported by

5    substantial evidence, and violated the statutory authority as well as the USDA's own regulations;

6        2.    A declaratory judgment reversing the acts, determinations, orders and actions of the USDA

7    Forest Service and its agents and entering an order and judgment in favor of the plaintiff as follows:

8            (A)    That the USDA FSIS acknowledge in writing that the statutory testing frequency in

9    9 CFR 310.21 is the frequency to be applied to the plaintiff's meat processors;

10           (B)    That the USDA FSIS acknowledge in writing the testing frequency in 9 CFR

11   310.21 will be applied to any meat processor plaintiff sells his calves to;

12           (D)    That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS

13   to discriminate against the plaintiff; and

14           (E)    That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS

15   to summarily condemn the plaintiff's calves without allowing the opportunity for the healthy calves to

16   warm up or rest.

17       3.    That an injunction be issued enjoining defendants from implementing their determinations

18   and orders with respect to the plaintiffs and ordering the following of the defendants:

19           (A)    That the USDA FSIS acknowledge in writing that the statutory testing frequency in

20   9 CFR 310.21 is the frequency to be applied to the plaintiff's meat processors;

21           (B)    That the USDA FSIS acknowledge in writing the testing frequency in 9 CFR

22   310.21 will be applied to any meat processor plaintiff sells his calves to;

23           (D)    That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS

24   to discriminate against the plaintiff;

25           (E)    That the USDA FSIS acknowledge in writing that it was error for the USDA FSIS

26   to summarily condemn the plaintiff's calves without allowing the opportunity for the healthy calves to

27   warm up or rest;

28

(F)     That USDA FSIS acknowledge in writing that it was error for the USDA FSIS to pull its inspectors from CVT's facility; and

(G)     That USDA FSIS acknowledge in writing it was error for the "N.R"s issued against the plaintiffs during all pertinent times.

4.      General, special and compensatory damages according to proof;

5.      Punitive and exemplary damages in an amount to be determined at trial;

6.      Costs, expenses and attorneys' fees;

7.      Such other and further relief as the court deems just and proper.


DATED:  December 6, 2012.
                                          **THE ZUMWALT LAW FIRM, APC**


                                          By:  /s/ Frank Zumwalt
                                               FRANK T. ZUMWALT
                                               Attorneys for Plaintiff