1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                      EASTERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| DAVID SHAYNE HEINE; CALIFORNIA VEAL TECH, INC., | Case No. 1:12-CV-01992-AWI-SMS |
| Plaintiffs, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |
| v. | |
| TOM VILSACK, IN HIS OFFICIAL CAPACITY AS UNITED STATES SECRETARY OF AGRICULTURE; UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES DEPARTMENT OF AGRICULTURE FOOD SAFETY AND INSPECTION SERVICE; DR. YUDHBIR SHARMA; DR. AMY LIEDER; PENNY PATRALI; USDA EMPLOYEES KNOWN ONLY AS "DR. PANNU," "DR. REDDING," "KEN," AND "DR. HENLEY," AND DOES 1-100 INCLUSIVE, | (Docs. 47 & 55) |
| Defendants. | |

Before the Court in the above-styled and numbered cause of action are "Plaintiff David

Shayne Heine's Motion for Leave to File a Fourth Amended Complaint," filed July 31, 2014 (Doc.

47), and "Plaintiff David Shayne Heine's Supplemental Brief in Support of His Motion for Leave to

File a Fourth Amended Complaint," filed November 5, 2014 (Doc. 55). In these, Heine requests

leave to amend his Third Amended Complaint. The matter is before the Court on the parties' cross-

briefs, which were submitted without oral argument to the undersigned United States Magistrate

Judge.  The Court has jurisdiction over these actions under 28 U.S.C. § 636(b)(1)(A), and the matter is ripe for review.

**LEGAL STANDARDS**

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir. 2003) (citing *Lopez v. Smith,* 203 F.3d 1122, 1130, 1131 (9th Cir. 2000) (en banc)), *cert. denied,* 541 U.S. 1063 (2004). However, "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990).

"Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,'" *Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)); *see Lacey v. Maricopa County,* 693 F.3d 896, 939 (9th Cir. 2012) (en banc) (stating that facts alleged in an amended complaint "must not be inconsistent with those already alleged" in the original pleading) (citing *Reddy,* 912 F.2d at 296–297).

**DISCUSSION**

Plaintiff seeks leave to amend his complaint in order to assert three additional causes of action against "All Defendants" under the Federal Tort Claims Act ("FTCA").   These new claims are (1) Intentional Infliction of Emotional Distress, (2) Negligent Infliction of Emotional Distress, and (3) Conversion.

Defendants assert that amendment is futile because Plaintiff's proposed additional claims would be subject to immediate dismissal on the basis that the Court lacks subject matter jurisdiction.  The Court agrees.

A claim in a proposed amended complaint is futile if it would be immediately "subject to dismissal" pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). A court also may deny leave to amend if it cannot acquire jurisdiction over the proposed new claims. *See, e.g.*, *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002) ("[A]mendment would be futile in light of our conclusion that we lack jurisdiction ... ."); *Garcia*, 2012 U.S. Dist. LEXIS 14154, 4-5 ("Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action."). The Court finds at least two reasons why amendment would be futile here.

## I.   FTCA Claims

The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. *FDIC v. Craft,* 157 F.3d 697, 706 (9th Cir. 1998). It is within the Court's discretion to deny leave to amend a complaint for the alleged torts because the United States and its agencies are immune under the Federal Tort Claims Act (the "FTCA"). *See Sylvia Landfield Trust v. City of Los Angeles,* 729 F.3d 1189, 1196 (9th Cir. 2013) (holding that it is not an abuse of discretion to deny leave to amend where the district court could reasonably conclude that further amendment would be futile).

Heine's proposed additional claims would be subject to immediate dismissal because, under the FTCA,[1] it is well settled that the United States is the *only* proper defendant in an FTCA suit. *See, e.g., Craft*, 157 F.3d at 706 ("The FTCA is the exclusive remedy for tortious conduct by the United States, *and it only allows claims against the United States*") (emphasis added); *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is

---

[1]   "The United States, as a sovereign, may not be sued except insofar as it consents to be sued." *Rooney v. United States*, 634 F.2d 1238, 1241 (9th Cir. 1980). "The FTCA is a limited waiver of sovereign immunity," *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 339 F.3d 942, 945 (9th Cir. 2003), and the waiver "is strictly construed in favor of the sovereign . . . ." *Craft*, 157 F.3d at 707.

the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint against the Postal Service and [the Postmaster General];" *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("[T]he United States is the only proper defendant in a [FTCA] action."); *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983).

Heine seeks to impose liability in tort against "All Defendants" named in the pleading: the Secretary of Agriculture, the United States Department of Agriculture ("the USDA"), the FSIS, numerous USDA employees, and Does 1-100 (together, "the Defendants"). *See* PFAC at pp. 1, 10-11. These Defendants are not the United States. As such, the Court finds there are grounds for immediate dismissal as against these improper defendants. *See, e.g., Lance*, 70 F.3d at 1095 (holding that district court properly dismissed action against Doe defendants because "[t]he United States is the only proper defendant in an FTCA action"); *Gaede v. United States Forest Serv.*, 2013 U.S. Dist. LEXIS 3561, * 19 (E.D. Cal. Jan. 9, 2013) (because United States is the only proper defendant, "[t]he complaint's tort claims against Park Ranger Telles are subject to dismissal in that he is an improper defendant under the FTCA"); *Crump v. SSA*, 2008 U.S. Dist. LEXIS 73646, *8 (E.D. Cal. Aug. 14, 2008) (holding that plaintiff's FTCA claim against the Social Security Administration should be dismissed because the United States is the only proper defendant, and "the agency's sovereign immunity has not been waived"); *Nero v. Ives*, 2014 U.S. Dist. LEXIS 92754, *19 (C.D. Cal. May 27, 2014) (dismissal appropriate where "the federal employee defendants, including the DOE defendant BOP agents, are not proper parties to the tort claims permissible under the FTCA"); *Freeman v. United States*, 2014 U.S. Dist. LEXIS 37801, *14-15 (N.D. Cal. Mar. 19, 2014) (dismissing with prejudice "FTCA claims against the VA Medical Center, Does 1-100," and several individual doctors because "[i]t is well settled that the United States is the only proper defendant in an FTCA action"); *Hennington v. FBI*, 2009 U.S. Dist. LEXIS 1189, * 5-6 (S.D. Cal. Jan. 7, 2009) (holding that "to the extent Plaintiff is asserting a tort

4

claim against Defendant FBI, the FBI is not a proper defendant…. [T]he United States is the only proper defendant for claims arising under the FTCA.").

Likewise, this Court concludes that grounds exist for immediate dismissal of Heine's proposed new FTCA claims against the Defendants and will deny leave to amend.[2]  Therefore, allowing Plaintiff leave to amend his complaint as to Defendants – who are not the United States – would be futile because absence of subject matter jurisdiction is a legal defect.  Although FTCA claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA. *See Shelton v. United States Customs Service*, 565 F.2d 1140, 1141 (9th Cir. 1977) ("It is well established that federal agencies are not subject to suit *eo nomine* unless so authorized by Congress in explicit language."); *Craft*, 157 F.3d at 706 ("an agency itself cannot be sued under the FTCA").  The FTCA provides that the authority of any federal agency to sue and be sued in its own name "shall not be construed to authorize suits against such federal agency on claims which are cognizable" under 28 U.S.C. § 1346(b). 28 U.S.C. § 2679. Accordingly, amendment here is futile.

## II.   Alternative Demonstration of Futility

Alternative reasons exist to deny Heine's request for leave to amend in order to add claims for intentional infliction of emotional distress and negligent infliction of emotional distress.

### A.   Intentional Infliction of Emotional Distress

---

[2] Heine asserts that his new tort claims are brought under the Federal Tort Claims Act. *See* Plaintiff's MPA, at pp. 3-4.  "[T]he FTCA gives federal district courts jurisdiction over claims against the United States for money damages 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Sheridan v. United States*, 487 U.S. 392, 398, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988) (quoting 28 U.S.C. § 1346(b)).  The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

5

Under California law, [3] to prevail on a claim for intentional infliction of emotional distress a plaintiff must demonstrate the following elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009); *Christensen v. Superior Court*, 54 Cal. 3d 868, 903, 2 Cal. Rptr. 2d 79 (1991*); KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028, 37 Cal. Rptr. 2d 431 (1995).

Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571; *Bosetti v. United States Life Ins. Co. in City of New York*, 175 Cal. App. 4th 1208, 1242, 96 Cal. Rptr. 3d 744 (2009).

    1.  No Extreme and Outrageous Conduct by the Defendant

The conduct about which Plaintiff complains – contrived USDA inspection rates – falls short of satisfying the first required element, that a defendant's behavior exceeds the bounds of human decency. Specifically, the alleged behavior is that in a coordinated effort, inspection

//
//
//
//
//
//

---

[3] Under the FTCA, the substantive law governing a plaintiff's tort claim is the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  In his PFAC, Heine alleges that the actions at issue took place in meat processing facilities located in Stanislaus and Madera counties in California. *See, e.g.*, PFAC, ¶¶ 7-14, 27.  As such, Plaintiff's tort claims are governed by California law. *See Littlejohn v. United States*, 321 F.3d 915, 924 (9th Cir. 2003).

officials contrived to perform high inspection rates of Heine's veal calves.[4]  On its face, this

conduct does not rise to the level of conduct that is "atrocious[] and utterly intolerable in a civilized

society." *Cochran v. Cochran,* 65 Cal.App. 4th 488, 496 (1998).

### 2.   Plaintiff's Lack of Severe Emotional Distress

Heine also fails to satisfy the second prong of the tort of intentional infliction of emotional

distress because a plaintiff's trivial or transient injury is an inadequate showing.  Rather, a plaintiff

must demonstrate "that emotional distress was *severe.*" *Wong v. Jing*, 189 Cal. App. 4th 1354,

1376, 117 Cal. Rptr. 3d 747 (2010) (emphasis in original; internal quotations and citation omitted).

"The California Supreme Court has set a 'high bar' for what can constitute severe distress." *Id.*

(citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1051, 95 Cal. Rptr. 3d 636 (2009)).  "Severe emotional

distress means emotional distress of such substantial quality or enduring quality that no reasonable

[person] in civilized society should be expected to endure it." *Potter v. Firestone Tire & Rubber

Co.*, 6 Cal. 4th 965, 1004, 25 Cal. Rptr. 2d 550 (1993) (internal quotations and citations omitted).

Heine fails to allege in the PFAC that he actually suffered severe emotional distress, a

necessary element of the tort plead. *See Sui v. Marshack*, No. SACV 13-1607 JAK AJW, 2014 WL

3694144, at *5 (C.D. Cal. June 20, 2014) report and recommendation adopted, No. SACV 13-1607

JAK AJW, 2014 WL 3694145 (C.D. Cal. July 23, 2014).  Instead, Heine merely alleges that he

"suffered mental anguish and emotional and physical distress and has been injured in the mind and

---

[4] The conduct alleged in support of the claim is apparently that certain meat inspectors "agreed among themselves . . . to tell meat processors in Stanislaus and Madera counties that any calves brought to them by the plaintiff will require a 50% or 100% test rate; the statutory rate will not be followed." PFAC ¶ 27. This allegation is not cognizable. *See, e.g., Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066-1067 (9th Cir. 2004) (affirming district court's dismissal of claim because conduct alleged – the alleged wrongful inspection of buildings and preparation of fraudulent documents – "simply is not objectively outrageous in the sense required for it to sound in intentional infliction of emotional distress"); *Benedict v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 91407, * 7-8 (C.D. Cal. June 30, 2014) (dismissing claim because plaintiff, who alleged bank debited funds without permission and made phone calls demanding payments that were not due, failed to allege "conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community"); *Arrieta v. County of Kern*, 2014 U.S. Dist. LEXIS 84339, * 29 (E.D. Cal. June 18, 2014) (dismissing claim where plaintiff made conclusory allegations that conduct was "outrageous" but factual allegations contained no examples of conduct sufficient to state a claim).

body." PFAC, ¶ 54.  He asks the Court to find severe emotional distress on the basis of his assertion that "Defendants knew or should have known that their conduct would cause plaintiff's severe emotional distress." PFAC, ¶ 56.  The threatened harm, however, was to Heine's property or financial interests, not a physical or emotional one. *See* PFAC at ¶ 27 (alleging that excessive testing made "plaintiff's calves unprofitable"), ¶ 29 (alleging that condemnation of calves "denied Heine the profit from the carcasses").

The Court concludes that, by itself, the allegation that Heine "sustained severe emotional distress and mental suffering, (PFAC ¶ 57), is conclusory and insufficient to state a claim. *See, e.g., Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1191-92 (S.D. Cal. 2010) (dismissing claim where plaintiff "offers only the conclusory allegation that he suffered 'severe and extreme mental and emotional distress' as a result of [defendant's] conduct"); *Qualls v. Regents of the Univ. of Cal.*, 2014 U.S. Dist. LEXIS 56733, * 6-8 (E.D. Cal. Apr. 23, 2014) (dismissing claim because complaint failed to include factual allegations describing the nature of the severe emotional distress); *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted); *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1172 (E.D. Cal. 2013) (holding that plaintiff failed to plead facts showing his alleged emotional distress rose to a level that "no reasonable [person] ... should be expected to endure it" where plaintiff alleged "pain, grief, shame, humiliation, embarrassment, anger, disappointment, depression, sleeplessness, anxiety, disappointment, damage to reputation, and worry," because those allegations were conclusory and lacked "specific facts to show their nature and extent."); *Fernandes v. Northwestern Eng'g Co., Inc.*, 2012 U.S. Dist. LEXIS 148191, *14-15 (C.D. Cal. Oct. 15, 2012) (holding that conclusory allegations of "depression and despair" did not rise to severe

emotional distress).  Because Heine fails to satisfy at least two of the required elements for the tort of intentional infliction of emotional distress, grounds exist for immediate dismissal of the claim.

    B. <u>Negligent Infliction of Emotional Distress</u>

    The Court turns to Plaintiff's claim of negligent infliction of emotional distress.  Negligent infliction of emotional distress is not an independent tort under California law, but is simply the tort of negligence.[5] *Klein v. Children's Hospital Medical Center of Northern California,* 46 Cal.App. 4th 889, 894 (1996).

    The elements of a claim of negligent infliction of emotional distress are: (1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendants' negligent conduct was a cause of the serious emotional distress. *Butler–Rupp v. Lourdeaux,* 134 Cal.App. 4th 1220, 1226 n.1 (2005).  Moreover, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 985 (1993).  "Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." *Id.*

//

---

[5] Under California law "[t]here is no independent tort of negligent infliction of emotional distress." *Potter,* 6 Cal. 4th at 984-985. "The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element. That duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Id.* (internal citations omitted).  California courts characterize such claims as "bystander" cases, in which the plaintiff was not physically impacted or injured but instead witnessed someone else being injured due to defendant's negligence, or "direct victim" cases, in which the plaintiff's claim of emotional distress is not based upon witnessing an injury to someone else, "but rather is based upon the violation of a duty owed directly to the plaintiff." *Wooden v. Raveling,* 61 Cal. App. 4th 1035, 1037-39, 71 Cal. Rptr. 2d 891, 892 (1998). The California Supreme Court has held that "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, *a breach of the duty must threaten physical injury,* not simply damage to property or financial interests." *Potter,* 6 Cal. 4th at 985, 25 Cal. Rptr. 2d 550 (emphasis added).

1    1.   No Duty

2    The PFAC neither identifies any legal duty owed to Heine by Defendants, nor explains how

3    Defendants' breach of any duty proximately caused Heine serious emotional distress.

4    2.   Plaintiff's Lack of Serious Emotional Distress

5    The Court has found, *supra*, that Heine fails to allege severe emotional distress.  Even

6    assuming, *arguendo*, that Defendant's conduct was so egregious as to satisfy the first prong *and*

7    that he actually experienced some emotional distress, the standard is that "to recover damages for

8    emotional distress on a claim of negligence where there is no accompanying personal, physical

9    injury, the plaintiff must show that the emotional distress was '*serious*.'" *Wong*, 189 Cal. App. 4th

10    at 1377 (citation omitted).  Here again, Plaintiff has no support for his conclusory allegation that he

11    experienced emotional distress that is "of such substantial quantity or enduring quality that no

12    reasonable man in a civilized society should be expected to endure it." *Id.*; *see also Lawler v.*

13    *Montblanc North America, LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (allegations of anxiety,

14    sleeplessness and upset stomach were not sufficient to establish severe emotional distress); *Hughes*

15    *v. Pair*, 46 Cal.4th 1035, 1051, 95 Cal. Rptr. 3d 636 (2009) (allegations of discomfort, worry,

16    anxiety, upset stomach, concern, and agitation insufficient).

17    Heine's conclusory allegation in the PFAC is that he "sustained severe emotional distress

18    and mental suffering," PFAC ¶ 57.  The Court finds this insufficient to state a claim. *See, e.g., Steel*

19    *v. City of San Diego*, 726 F. Supp. 2d 1172, 1191-92 (S.D. Cal. 2010) (dismissing claim where

20    plaintiff "offers only the conclusory allegation that he suffered 'severe and extreme mental and

21    emotional distress' as a result of [defendant's] conduct"); *Qualls v. Regents of the Univ. of Cal.*,

22    2014 U.S. Dist. LEXIS 56733, * 6-8 (E.D. Cal. Apr. 23, 2014) (dismissing claim because complaint

23    failed to include factual allegations describing the nature of the severe emotional distress).  Absent

24    support for two of the required elements, grounds exist for immediate dismissal of this claim.

10

**CONCLUSION AND ORDER**

Plaintiff has had ample opportunity to amend his complaints since December 6, 2012. Nearly 2015, the operative complaint is Plaintiff's Third Amended Complaint.  *See* Docs. 23, 26, 36.  Moreover, for much of 2013 and 2014, case progression has been limited to parties' numerous requests for extensions and continuances related to motions, responsive pleadings, and scheduling conferences. *See* Doc. 16 (granting Plaintiff's request to continue the Initial Scheduling Conference originally noticed for March 5, 2013); Doc. 22 (granting extension of time to file First Amended Complaint), Doc. 35 (vacating the pending Motion to Dismiss hearing as the parties stipulated to a third amended complaint to be filed on or before December 9, 2013); Doc. 38 (continuing scheduling conference).

This is not a close call.  Claims in the PFAC would be subject to immediate dismissal for at least two reasons.  First, it is well settled that in FTCA actions the only proper defendant is the United States and these Defendants are not the United States.  Second, the Court concludes that claims in the PFAC for intentional and negligent infliction of emotion distress both fail and would be immediately dismissed.  On these bases, amendment is clearly futile.  Futility alone is sufficient to justify denial of a motion for leave to amend. *See, e.g., Universal Mortgage Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) (holding that leave to amend "may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile"); *see also Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. Nos. 47 & 55) is **DENIED**.

IT IS SO ORDERED.

Dated:  __**December 31, 2014**__          _____**/s/ Sandra M. Snyder**_____
                                             UNITED STATES MAGISTRATE JUDGE